UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DEREK JOHNSON<br>254 Detroit Street<br>Buffalo, New York 14212<br>Plaintiff | COMPLAINT |
| vs. | Case No.: |
| CITY OF BUFFALO<br>City Hall<br>65 Niagara Square<br>Buffalo, New York 14202<br><br>BUFFALO POLICE DEPARTMENT<br>74 Franklin Street<br>Buffalo, New York 14202<br><br>POLICE OFFICER JOSEPH WALTERS<br>POLICE OFFICER CHARLES SKIPPER<br>POLICE OFFICER DAVID GREENWAY<br>POLICE OFFICER JAMES KASKA<br>POLICE OFFICER JOHN LOPEZ<br>74 Franklin Street<br>Buffalo, New York 14202<br>Defendants | |

_____

Plaintiff, Derek Johnson, through his attorney, Jeffrey E. Marion, Esq., for his complaint against Defendants alleges as follows:

1. Plaintiff was at all times relevant and continues to be a resident of the City of Buffalo, County of Erie, State of New York.

2. Defendant City of Buffalo is a municipal corporation formed in and existing within the State of New York, and at all times relevant to this Complaint, the Defendant, City of Buffalo employed Defendants Police Officers Joseph Walters, Charles Skipper, David Greenway, James Kaska and John Lopez, and other police officers referred to the in the above-referenced caption.

3. Defendant Police Officer Joseph Walters was and at all times relevant is a police officer in the Buffalo Police Department in the State of New York.

4. Defendant Police Charles Skipper was and at all times relevant is a police officer in the Buffalo Police Department in the State of New York.

5. Defendant Police Officer David Greenway was and at all times relevant is a police officer in the Buffalo Police Department in the State of New York.

6. Defendant Police Officer James Kaska was and at all times relevant is a police officer in the Buffalo Police Department in the State of New York.

7. Defendant Police Officer John Lopez was and at all times relevant is a police officer in the Buffalo Police Department in the State of New York.

8. Each of the individually named Defendants are sued individually and in their official capacities.

9. Each of the individually named Defendants were at all times relevant acting under color of state law on behalf of the Buffalo Police Department.

10. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343. Pendant and supplemental jurisdiction is invoked for this Court to decide claims that may arise under state law.

11. Venue is properly brought in the Western District of New York pursuant to 28 U.S.C. §1391(b).

12. Plaintiff filed a timely Notice of Claim with the City of Buffalo and County of Erie pursuant to the General Municipal Law of the State of New York. More than thirty (30) days have elapsed since the filing of that Notice of Claim which has not been compromised or settled by Defendants.

**FACTS**

13. On or about December 22, 2006 at approximately 11:00 p.m., Plaintiff was standing at a bus stop located at the corner of Broadway and Lombard in the City of Buffalo, County of Erie and State of New York.

14. Plaintiff was born in the United States, and has been a permanent resident since his birth.

15. On December 22, 2006, Plaintiff was leaving the home of an aunt Gail Hightower.

16. As Plaintiff stood at the bus stop, a Buffalo Police Department cruiser passed by the Plaintiff. The cruiser then backed up and pulled in front of the bus stop.

17. A uniformed officer, upon information and belief, Defendant Greenway, got out of the car. He then asked the Defendant to put his hands on the car.

18. Upon information and belief, after Plaintiff placed his hands on the vehicle, he was frisked and asked for identification.

19. Subsequent to being stopped, frisked and asked for identification, a second police cruiser arrived at the bus stop. The two police officers in that car placed Plaintiff into custody and drove him to the This-N-That Store located at 959 Broadway in the City of Buffalo, County of Erie and State of New York.

20. Upon information and belief, the officers in the second police cruiser were Defendant Officer Joseph Walters and Defendant Officer Charles Skipper.

21. Upon information and belief, the complaining witness, Ahmed Aliafey, failed to identify the Plaintiff and indicated that he did not know him. During this time, Plaintiff was placed in the back seat of the police cruiser containing Joseph Walters and Charles Skipper, and was not free to go.

22. Police also had in custody as a suspect for this alleged burglary, Ramone Vance. One of the Defendant police officers brought Ramone Vance to the scene, and walked back to the car. At that point, an officer opened the car door and handed a hat to Plaintiff and made a racist comment.

23. Plaintiff Derek Johnson is approximately 6'4" in height and weighs approximately 200 pounds. Defendant Ramone Vance is approximately 5'7" in height and weighs approximately 150 pounds.

24. At this point, Mr. Vance was placed in the car, and both Mr. Vance and Plaintiff were placed under arrest.

25. Such arrest was wholly without probable cause and in violation of Plaintiff's civil rights under New York State and United States Law.

26. Defendants possessed no search warrant or arrest warrant at the time Plaintiff was stopped and searched.

27. Neither did Defendants have probable cause to stop, detain, interrogate Plaintiff or search Plaintiff's person.

28. At the time Defendants stopped and searched Plaintiff, they did not possess any reasonable suspicion that a crime had been or was being committed by the Plaintiff.

29. Upon information and belief, Defendants stopped, detained, and interrogated Plaintiff and searched Plaintiff's person solely on the basis of Plaintiff's African-American race and color.

30. Upon information and belief, the complaint of stop, detention, and search was the result of racial profiling practiced by the City of Buffalo Police Department.

31. On or about December 23, 2006 at approximately 1:05 a.m., Plaintiff was booked, fingerprinted, and placed in jail overnight until arraigned in Buffalo City Court the following morning.

32. The following morning, Plaintiff was arraigned, placed on bail, and taken to the Erie County Holding Center until being bailed out later that day.

**COUNT I**
**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE**
**INDIVIDUAL DEFENDANTS FOR UNLAWFUL STOP,**
**DETENTION AND INTERROGATION OF PLAINTIFF IN**
**VIOLATION OF STATE COMMON LAW AND FEDERALLY PROTECTED**
**RIGHTS**

33. Plaintiff repeats and realleges Paragraphs 1 - 32.

34. Plaintiff was stopped at the bus stop, detained, and interrogated without cause.

35. Plaintiff's person was then illegally searched.

36. There was no reasonable suspicion or probable cause or lawful basis whatsoever for Plaintiff's stop, detention, interrogation and the search of Plaintiff's person.

37. Defendants' actions constituted a violation of Plaintiff's Fourth Amendment Rights under 42 U.S.C. §1983.

38. Defendants' action were also violative of Plaintiff's rights under State Common Law.

39. As a result of Defendants' actions, Plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of his personal property.

## COUNT II
## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS FOR INADEQUATE TRAINING, SUPERVISION AND DISCIPLINE

40. Plaintiff repeats and realleges Paragraphs 1 - 39.

41. Defendants failed to train, supervisor, and discipline police officers including the named Defendants, Police Officers Joseph Walters, Charles Skipper, David Greenway, James Kaska and John Lopez, so as to prevent the unlawful stopping, detention, interrogation, and search of Plaintiff and his person.

42. Defendants' failure to train, supervise, and discipline amounts to deliberate indifference to the rights of persons with whom the Defendant Police Department comes into contact, including Plaintiff. It is this failure that has created and encouraged ongoing racial profiling and harassment.

43. The deficiency in the training, supervision, and disciplining of Defendant Police Officers, including Defendants Police Officers Joseph Walters, Charles Skipper, David Greenway, James Kaska and John Lopez was an actual cause of the constitutional deprivations and injuries suffered by Plaintiff.

44. The deficiency in the training, supervision and disciplining of these officers represents a deliberate indifference on the part of the Defendants to the rights of African-American citizens.

45. As a direct result of Defendants' negligence, Plaintiff was subjected to emotional injury, body searching, confinement and deprived of his liberty, freedom and personal property.

## COUNT III
## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS FOR INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS.

46. Plaintiff repeats and realleges Paragraphs 1 - 45.

47. The actions of Defendants in stopping Plaintiff without reasonable suspicion or reasonable cause, in detaining and searching Plaintiff's person, and subjecting him to irrelevant, hostile, and harassing questioning, as well as incarcerating him, was done intentionally, wantonly, willfully, maliciously, wrongfully, and was such an extreme and outrageous character as to cause the severe emotional distress suffered by Plaintiff in violation of New York Law.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**WHEREFORE**, Plaintiff hereby demands judgment against Defendants for damages sustained by Plaintiff in the amount of One Hundred Thousand Dollars ($100,000.00) as to each cause of action, together with the punitive damages award, and reasonable attorney fees awarded pursuant to 42 U.S.C. §1988, along with costs and disbursements incurred in this action, and such other and further relief as this Court deemsfair, just and appropriate.


DATED: Amherst, New York
December 12, 2007

<u>**s/Jeffrey E. Marion, Esq.**</u>
Jeffrey E. Marion, Esq.
*Attorney for Plaintiff*
17 Beresford Court
Williamsville, New York 14221
(716) 565-2000